UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  Case No. 25-cr-00321 |
| v. | ) )  Judge Sharon Johnson Coleman |
| MOHAMED SIRAJUDEEN | ) ) ) |

**ORDER**

Defendant Mohamed Sirajudeen ("Defendant") moves this Court to permit his travel outside the continental United States as a modification to the conditions of his release. The Government opposed Defendant's motion at the hearing before this Court on October 7, 2025, although it did not file a written objection either before or after the hearing. For the following reasons, Defendant's motion is granted with conditions. [54]

Defendant was indicted on June 12, 2025 on one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 23). (Dkt. 1 at *43.) On July 2, 2025 at Defendant's initial appearance and arraignment, Judge Daniel P. McLaughlin released Defendant on a $5,000,000 bond secured by his residence and the property adjoined thereto. (Dkts. 34–36.) Judge McLaughlin limited Defendant's travel to the continental United States as a condition of his release. (Dkt. 34 at *2.) No mention of a Sri Lanka relative was made by any of the parties or Pretrial Services.

Defendant now seeks the Court's permission to visit his mother's home in Sri Lanka from approximately October 10, 2025 through November 9, 2025 on account of her declining health. As reason to permit his travel, Defendant underscores his cooperation in this case. In opposition to the motion, the Government orally argued that Defendant's international travel would pose significant risks given the nature of the charge against him and the total monetary sum involved in the case.

1

The Court will permit Defendant to travel to Sri Lanka from October 10, 2025 through October 31, 2025. The Court notes that the single charge against him is less extensive than the multiple counts levied on the other three defendants named in the indictment, and as the Government agrees, that Defendant has remained cooperative throughout this case. Defendant's posting of his home, where his wife and school-aged son live, as security for his $5,000,000 bond also weighs in favor of allowing his travel. The Court also notes that the Government had sufficient opportunity to object to the motion in writing prior to the October 7 hearing, which it did not do.

Accordingly, and in accordance with 18 U.S.C. § 3142(c)(1)(B), the Court grants Defendant's motion to modify the conditions of release to permit travel to Sri Lanka from October 10, 2025 through October 31, 2025. Defendant shall return to the continental United States no later than October 31, 2025. Defendant shall reside with his mother at the address he provided to the Government for the duration of his stay, unless to travel locally for medical reasons. Defendant shall notify Pretrial Services in such an event. Defendant shall report to Pretrial Services at least daily at any reasonable time and method as directed by the Court or Pretrial Services in accordance with 18 U.S.C. § 3154(3). The Court directs Pretrial Services to provide Defendant's passport to him prior to his departure date of October 10, 2025. Defendant may depart only after his immediate family members surrender each of their passports to Pretrial Services until Defendant's return, which may be done simultaneously with the return of Defendant's passport. Notwithstanding any developments in Defendant's circumstances after his return, the Court is unlikely to grant this permission again as long as the case against him remains pending.

**IT IS SO ORDERED.**

Date: 10/9/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

2