UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:25-cr-00321 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| ANOSH AHMED, et. al. | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Status hearing held on February 20, 2026. The Court heard arguments on Defendants' Pretrial Motions. Having taken some of those Motions under advisement, the Court now rules as follows.

A. **Motions to Adopt**

Defendants' Chaudhry and Khan's Motions to Adopt their Co-Defendant's pretrial motions, are granted [65],[71].

B. **Motions for Early Disclosure**

Defendants' Motions for Immediate Disclosure of Material Pursuant to *Brady v. Maryland* and its Progeny,[64], are denied as moot. It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see*, e.g. *United States v. Daniels*, 803 F.3d 335 (7th Cir. 2015). The Government indicates that it has fully complied with *Brady* and *Giglio* and will continue to do so, therefore, the Court denies Defendants' motions at moot.

C. **Motions to Dismiss Count 19**

Defendants' Motions to Dismiss Count 19 as Duplicitous or to Preclude Evidence, [68], are denied. Viewing the allegations in the indictment in a light most favorable to the Government, *United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013), the Court finds Count 19 is not duplicitous because it charges Defendants with a single money laundering conspiracy. The fact that the proceeds were generated by more than one unlawful activity does not make them duplicitous where, as here, the government alleges illegal proceeds were generated by varying conduct within the same scheme. See United States v. Bruun, 809 F.2d 397, 406 (7th Cir.1987).

### A. Motions for Bills of Particulars

Defendants' Motions for Bills of Particulars related to Count 19 of the Indictment [69], are granted. Having reviewed the briefings, the Court concludes that the Defendants are not sufficiently appraised of the charges against them in order to adequately prepare for trial. *See United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir.2008). Identification of the specific transactions at issue in the money laundering conspiracy is necessary for Defendants to prepare their defense. Additionally, considering the complexity of the charges raised against multiple defendants, thousands of transactions over a period of nineteen months, and more than one million pages of financial data the government provided Defendants, the Court finds bills of particulars appropriate to ensure the Defendants are sufficiently appraised of the charges against them. *See United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995) (Bucklo, J.).

**CONCLUSION**

For these reasons, the Court grants Defendants' Motions to Adopt [65],[71], and Motions for Bills of Particulars, [69]. The Court denies Defendants' Motions for Early Disclosure [64] and Motions to Dismiss Count 19, [68].

**IT IS SO ORDERED.**

Date: 2/27/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge