# IN THE IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 321-3 |
| | ) | Hon. Sharon Johnson Coleman |
| ANOSH AHMED, *et al.* | ) | |
| (MAHMOOD SAMI KHAN), | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT KHAN'S STATUS REPORT**

Defendant, **MAHMOOD SAMI KHAN**, by and through his attorneys, respectfully submits this status report regarding the meet and confer with the Government which occurred on April 2, 2026 regarding the Bill of Particulars filed by the Government on March 30, 2026 (Dkt. 82).

At the status hearing on March 31, 2026, defendants raised with the Court its concern that the bill of particulars did not comply with the Court's order to "identify[] the *specific* transactions at issue in the money laundering conspiracy" (which incorporates the OCL scheme and associated alleged kickbacks). (Dkt. 81, p.2) The Government offered to meet with the defense to try to resolve any issues. The defense gratefully accepted the invitation and notified the Court it would file a status to report on this meeting.

The parties met and conferred on April 2, 2026. The Government provided the defense with its theory regarding amounts of money deposited into and withdrawn from various accounts. The government also provided two charts which show money flowing from one bank account to another, but without identifying any transactions.

The bill of particulars remains insufficient. The Court's order of February 27, 2026, indicated that, "[i]dentification of the specific transactions at issue in the money laundering conspiracy is necessary for Defendants to prepare their defense." (Docket 81, p. 2) The Government filed a bill of particulars, which did not identify any specific transactions. (Dkt. 82) Instead, it identified fifteen separate bank accounts and three different periods of time which, from beginning to end, span *longer* than the period during which the conspiracy is actually alleged to have lasted[1]  The charts the government provided to the defense conveys this exact same information. Not only does the bill of particulars (and the charts) fail to identify any specific transactions, they actually *increase* the number of transactions that the defense would have to review to prepare a defense.

Neither the indictment or the discovery sufficiently apprize the defendants of the charges against them, and without the identification of specific transactions, the defense cannot adequately prepare a defense. As but one example, without specifically

---

[1] Count 19 alleges a conspiracy to commit money laundering from August 2021 through January 2023. (Docket 1, par. 40) The combined date ranges listed in the bill of particulars span from June 2021 through October 2023. (Docket 82, pp. 1, 2)

identified transactions, the defense cannot assess whether the transaction was made up of the proceeds of a specified unlawful activity. And despite the fact this is a conspiracy charge, the indictment and the bill of particulars fail to sufficiently identify any such transaction which may support a finding the defendants' knew of, agreed to, or participated in any illegal transaction. As a result, the defense the bill of particulars further supports the defendants initial frustration with the indictment's failure to identify Khan and Chaudry's involvement in the OCL scheme.

For example, the first group of bank accounts (Dkt. 81, p. 1, 1(a)) all relate to OCL Scheme and span from June 2021 through December 2022. The bill of particulars went on to make clear that those accounts supported the anti-kickback statute violations (which only applies to the OCL scheme). *Id.* ***Importantly, none of these accounts are associated with Khan or Chaudry.*** Khan and Chaudry are not named on the accounts and did not have authority to access the accounts. Moreover, the bill of particulars's failure to identify any specific transaction fundamentally prevents the defendants from obtaining in the discovery any alleged evidence regarding Khan or Chaudry's knowledge of the illegal transactions (such as directing someone to make deposits or a conversation around the time of a transaction establishing knowledge of the transactions and its illegality or the like) which could potentially give rise to a conspiratorial agreement because, again, the transactions are voluminous and according to the bill of particulars span a year and a half.

By comparison, the second group of bank accounts all relate to the Texas Labs. (Dkt. 81, p. 2, 1(b-d), *i.e. Apollo Lab, Softland Lab, Summer Diagnostics*) Khan and Chaudry are on some of those accounts and the transactions associated with those accounts are minimal. But, these transactions cannot flesh out any evidence establishing Khan and Chaudry's knowledge of, participation in, or agreement to the OCL scheme/money laundering conspiracy because it does not appear that these Texas Lab accounts overlap with, were directly used by or shared money with the OCL scheme. Therefore, to the extent that the Government's theory is that money from the OCL scheme was deposited into these accounts, the specific transactions at issue are necessary to understand the flow of money that would reveal defendant's knowledge of the illegality of that transaction.

Defendants are still not sufficiently on notice as to the charges against them in order to prepare for trial; most especially regarding the OCL scheme/money laundering conspiracy. Moreover, Defendants remain concerned that, without an established link to the OCL scheme, voluminous, irrelevant evidence of criminal activity – for which the defendants are not sufficiently implicated will be prejudicial and will at a minimum result in a mistrial, or potentially a wrongful conviction. *See United States v. Sturdivant*, 2009 WL 87422 (N.D. Ill. Jan. 13, 2009) (Kennelly, J.) (mistrial granted where court relied upon government's representations that it would later "link" up two disparate fraud schemes, failed to do so at trial so defendant was prejudiced by introduction of

unrelated and otherwise irrelevant evidence of criminal activity of a codefendant who did not proceed to trial.).

For these reasons, defendants request a second order requiring the government to disclose the specific financial transactions supporting the money laundering allegations.

DATED: April 8, 2026

s/Patrick Blegen                              s/Gabrielle R. Sansonetti

Patrick Blegen
BLEGEN & ASSOCIATES
53 West Jackson Blvd., Suite 1424
Chicago, IL 60604
Telephone: (312) 957-0100
pblegen@blegengarvey.com

Gabrielle R. Sansonetti
LEINENWEBER, DAFFADA,
& SANSONETTI
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(773)716-6117
gabrielle@ilesq.com