IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 25 CR 321 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANOSH AHMED, MOHAMED SIRAJUDEEN, | ) | |
| MAHMOOD SAMI KHAN, and | ) | |
| SUHAIB AHMAD CHAUDHRY, | ) | Chicago, Illinois |
| | ) | February 20, 2026 |
| Defendant. | ) | 10:07 a.m. |

TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

| | |
|---|---|
| For the Government: | HON. ANDREW S. BOUTROS<br>United States Attorney<br>BY: MS. SHERI H. MECKLENBURG<br>MS. KELLY L. GUZMAN<br>Assistant United States Attorneys<br>219 South Dearborn Street, Suite 500<br>Chicago, Illinois 60604 |
| For Defendant Sirajudeen: | KATTEN MUCHIN ROSENMAN LLP<br>BY: MR. DANIEL J. COLLINS<br>525 W. Monroe Street<br>Chicago, Illinois 60661 |
| For Defendant Khan: | LEINENWEBER DAFFADA & SANSONETTI<br>BY: MS. GABRIELLE R. SANSONETTI<br>120 N. LaSalle Street, Suite 2000<br>Chicago, Illinois 60602 |
| | BLEGEN & ASSOCIATES<br>BY: MR. PATRICK W. BLEGEN<br>53 W. Jackson Boulevard, Suite 1424<br>Chicago, Illinois 60604 |
| For Defendant Chaudhry: | CLARK HILL PLC<br>BY: MR. LEIGH D. ROADMAN<br>MR. MASON N. FLOYD<br>130 E. Randolph Street, Suite 3900<br>Chicago, Illinois 60601 |

Appearances (Cont'd):

ALSO PRESENT: (Telephonically) Mr. Mahmood Sami Khan
Mr. Suhaib Ahmad Chaudhry

Court Reporter: TRACEY D. McCULLOUGH, CSR, RPR
Official Court Reporter
219 S. Dearborn Street, Room 1232
Chicago, Illinois 60604
312.435.5570
tracey_mccullough@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK: 25 CR 321, USA versus Mohamed Sirajudeen, Mahmood Sami Khan, and Suhaib Ahmad Chaudhry.

THE COURT: All right. Go ahead, government.

MS. MECKLENBURG: Good morning, Your Honor. Sheri Mecklenburg and Kelly Guzman on behalf of the United States.

THE COURT: Miss Guzman.

MS. SANSONETTI: Good morning, Your Honor. Gabrielle Sansonetti, S-A-N-S-O-N-E-T-T-I, and Pat Blegen on behalf of Mr. Sami Khan, who is on the phone.

THE COURT: All right.

THE CLERK: Oh. I didn't know --

THE COURT: Oh, he's not on the phone right now because we aren't booted up. We're not on the phone.

MS. SANSONETTI: He just texted and said that he wasn't sure that he was hooked in.

THE COURT: Yes.

THE CLERK: Okay. I wasn't aware that he was going to be on the phone.

THE COURT: One second.

MS. SANSONETTI: No problem.

THE COURT: Is there anyone else on the phone, your clients on the phone?

MR. ROADMAN: Mr. Chaudhry should be on the phone also.

THE COURT: All right. So everybody just hold up a second. We need to have that hooked up.

(Pause.)

THE CLERK: Good morning. Do we have Mr. Khan and Mr. Chaudhry on the line?

DEFENDANT KHAN: Yes.

DEFENDANT CHAUDHRY: Yes, Your Honor.

THE COURT: All right. Say your names.

DEFENDANT CHAUDHRY: Suhaib Chaudhry.

THE COURT: All right. So we have Mr. Chaudhry, correct? Hello.

DEFENDANT CHAUDHRY: Yes, Your Honor.

DEFENDANT KHAN: And this is --

THE COURT: All right. So as to Mr. Chaudhry, counsel for Mr. Chaudhry state your name.

MR. ROADMAN: Leigh Roadman and Mason Floyd on behalf of Mr. Chaudhry.

THE COURT: All right. Your lawyers are both here. The government's here on the other side, sir. All right. And as -- who else is on the phone?

DEFENDANT KHAN: Mahmood Khan.

THE COURT: And Mr. Khan is on the phone. Mr. Khan's lawyers please state your names again.

MS. SANSONETTI: Gabrielle Sansonetti, S-A-N-S-O-N-E-T-T-I, and Mr. Pat Blegen.

THE COURT: All right. And again, Mr. Khan, we have government attorneys here on the other side. As to the remaining defendant, Mr. Sirajudeen, is that correct?

MR. COLLINS: Good morning, Your Honor. Dan Collins on behalf of Mohamed Sirajudeen.

THE COURT: Sirajudeen.

MR. COLLINS: Who is present to my left.

THE COURT: All right. How are you, sir?

DEFENDANT SIRAJUDEEN: I'm good.

THE COURT: Good. Good. All right. So we've got everyone here. So, government, where are we before I get to talking about the pretrial motions?

MS. MECKLENBURG: Yes, Your Honor. Today we have a short list of things to tell you about. First, we had a search warrant in 2023. We subsequently found out that certain -- that Google had produced -- it was a Google search warrant. Google had produced to us some corrupted data in some of the accounts, so we served them with another search warrant for those same three accounts.

THE COURT: Let's just be real clear for the record considering our times that we live in. When you say corrupted, you mean like technically corrupted?

MS. MECKLENBURG: Yes.

THE COURT: Thank you. I'm just trying to be real.

MS. SANSONETTI: I appreciate that.

THE COURT: No. I've got a lot going on.
MS. MECKLENBURG: You're right.
THE COURT: Okay. Go ahead.
MS. MECKLENBURG: You're right. And I appreciate that distinction.
THE COURT: Yes.
MS. MECKLENBURG: Yes. So we served them with a new warrant for the three accounts that had some problems. And we finally got back the data and went through it, and I've contacted just I think this week that the derivative is available for copying, and everybody's dropping off hard drives for the 2025 warrant.
THE COURT: All right. And is that the understanding from all the defendants?
MS. SANSONETTI: Yes, Your Honor.
MR. ROADMAN: Yes.
MR. COLLINS: Yes.
THE COURT: All right. Good. Okay. That's taken care of. What else do you need to tell me about?
MS. MECKLENBURG: The second thing is, Your Honor, that we have expert disclosures, and we told defense counsel. They said that they would work out a schedule with us for expert disclosure.
THE COURT: All right. Well, I'll get to that part in a while.

MS. MECKLENBURG: Okay.

THE COURT: Before that we have several pretrial motions that have been filed. Oh, go ahead.

MS. MECKLENBURG: I'm sorry, Your Honor. I just wanted --

THE COURT: No, go ahead.

MS. MECKLENBURG: -- to also bring up the status of Dr. Anosh Ahmed.

THE COURT: All right.

MS. MECKLENBURG: He is currently in Serbia being held in custody. We have an extradition package pending. We are working to get him back. We actually expect that he will be back. If we have further information that he won't be, we would let you know. But at the same time, that's in light of the trial date, which is either July or September. I believe it's set for July, and defense counsel had asked for it to be in September. But if Dr. Ahmed comes back, we don't think the Court wants to do this twice. The witnesses certainly shouldn't also have to do this twice. And, therefore, we would ask that we set a court date in early 2027 because we expect that Dr. Ahmed will be back by then.

THE COURT: A court date or a trial date?

MS. MECKLENBURG: A trial date.

THE COURT: All right. Thank you for all of that update on the other defendant. But also he hasn't had a chance

to file whatever motions he may file, so we don't know what's coming with that. But I understand what you're saying about your preference. Well, first of all, that starts out with one of the initial motions, is that -- is to sever, is that correct?

MS. SANSONETTI: That's correct, Your Honor.

MR. ROADMAN: That's correct.

THE COURT: And again, just tell me very briefly for the record what your position is.

MS. SANSONETTI: Sure. For Mr. Khan, Your Honor, our motion asks to sever the O'Hare labs counts with the Texas -- from the Texas labs count. Our position is that our defendants have been appropriately indicted for the Texas lab activity. We're on notice as to the criminal activity associated with those labs. However, we are not on notice with the activity associated with the O'Hare labs counts, and those counts are severable from the rest of the indictment and involve from our position only Mr. Ahmed and Mr. Sirajudeen.

So based on the Rule 14 severance prejudice consideration, from our perspective a full trial with two defendants who are not here and ready to -- you know, present to answer ready for trial, that our clients should not need to be prejudiced by all of the criminal activity associated with the O'Hare lab counts.

THE COURT: All right.

MS. SANSONETTI: That's a summary.

THE COURT: All right. Thank you. Before I have them respond, do you want to go ahead and state your reasons?

MR. ROADMAN: Ours is the same.

THE COURT: All right.

MR. ROADMAN: Ours is the same.

MS. MECKLENBURG: Yes, Your Honor. The indictment actually includes in the scheme that Mr. Khan is part of the entire scheme, and that includes the O'Hare counts. And it is a question for the jury as to whether he was on notice of those counts. The government believes we will have evidence that he did know what was going on with O'Hare. It is in the indictment. And that the entire scheme should go to trial as one.

THE COURT: Anything else?

MS. SANSONETTI: Just briefly. When we say he's not on notice, we mean he's not on notice for purposes of the indictment. There is one general statement with respect to all of the defendants and their involvement in broad reaching criminal activity.

THE COURT: Yes, there's a conspiracy charge.

MS. SANSONETTI: Yes, but there is no underlying factual identifier with respect to Mr. Khan. And I don't want to speak for the co-defendant, but with respect to when he joined the conspiracy, which happened earlier in time. And

there's no facts associated with Mr. Khan that he took any actions in furtherance of that scheme or in furtherance of the conspiracy, or even knew about the conspiracy going back to the O'Hare labs clinics scheme.

Also just as an example, Your Honor, if three people rob -- or if, if three banks are robbed and three people are indicted but one of those three people only was present or involved in the last robbery, then you wouldn't hold that person to the same counts as the first two if they didn't join the conspiracy and there isn't some evidence that they joined the conspiracy. We just aren't even on notice of --

THE COURT: Well, you do have a pending motion for a bill of particulars too, is that correct?

MS. SANSONETTI: That is correct, Your Honor.

THE COURT: Yes, it is. All right. So right now without prejudice I am going to deny your motion to sever.

MS. SANSONETTI: Thank you, Your Honor.

THE COURT: And the Court would say that they've got a motion for a bill of particulars, and they deserve to have that answered a little more clearly I think. Do you see some reason why, or do you think you have not -- that you don't have to do that? What's your position government?

MS. MECKLENBURG: I believe, Your Honor, that we briefed that, and that a bill of particulars -- I didn't realize we were going to do oral argument today, so let me

apologize first that I just haven't looked at it in a little bit.

THE COURT: Nobody realized I was doing oral argument today.

THE CLERK: Okay.

THE COURT: You all are supposed to be litigators that are ready. These are tough cases, and that's why you're on them, so ...

MS. MECKLENBURG: Yes, but I just haven't read it since -- you know, for a little bit.

THE COURT: Okay. So you get -- let's say that you can do one or you can send me -- you can file something that says you shouldn't have to give anything further. But my guess is there's something that you can give to them that is not going to prejudice you. They just want more information. That's what they're asking for in their bill of particulars. So you take a look at it. And then if you have a problem with answering it, then file that.

MS. MECKLENBURG: We will do that.

THE COURT: All right. Any other motions at this point that I needed to deal with, pretrial motions?

MS. MECKLENBURG: Your Honor, there was a motion for early return of trial subpoenas, and that is something that we all agree on.

THE COURT: Yes.

MS. MECKLENBURG: And, therefore, we would ask that you enter an order today granting that part.

THE COURT: That's not a problem. I'll enter that. But there's more pretrial motions for today.

MR. ROADMAN: We have a, we have a Brady motion too, Judge, that's pending.

THE COURT: All right. And did you all respond to that fully?

MS. MECKLENBURG: We did.

THE COURT: All right. So do you wish to argue that, Counsel?

MR. ROADMAN: Your Honor, we -- I mean, Judge, on this one we've got all kinds of Texas lab activity, and we have -- as we've said in our motion, our client's involved in setting up and running testing labs that people came in, got tested at in, in Houston. And that was sent out to outside labs, tested. The results were given to those people. We don't see that in the government's discovery. We don't see any of the 302s for people that were interviewed who were part of that process or anything? We think we ought to get that. That's all Brady.

If our person's --

THE COURT: Wait. Hold on a second. Why do you think -- I know your response was obviously not what they were looking for. So what is your response to that?

MS. MECKLENBURG: He -- I'm sorry. I just want to

make sure I understand what counsel is saying. That there should be something in there that shows that the actual people who weren't tested should have been interviewed?

THE COURT: No --

MS. MECKLENBURG: I'm not sure I understand what he's saying.

MR. ROADMAN: No, I'm saying there's, there's -- look, there's a whole process that's set up there with these testing lanes that were there. All these people -- there were many people who were involved.

THE COURT: They want more information.

MS. MECKLENBURG: And it's our position that was all fake. And we've given them everything that we have to show that it was fake, and it is our position that their clients had some participation in that scheme.

THE COURT: So their position is that if they had labs down there that were working, that they were using, even if they were not fake, there's information that they should get to show that they were not fake. Do you understand?

MS. MECKLENBURG: And we've produced -- that they weren't -- we have produced information that shows that the labs were not operating in Texas.

THE COURT: Right. But you should be able to produce also information that shows that they had operations that were working, am I correct?

MR. ROADMAN: Well, but you're saying as to labs, yes.
THE COURT: Right.
MR. ROADMAN: But it's testing, it's testing sites --
THE COURT: It's the testing.
MR. ROADMAN: -- that were up and running.
THE COURT: Right.
MR. ROADMAN: That actually tested people.
THE COURT: To show that they had something that was operating appropriately.
MS. MECKLENBURG: It's our position that there were no testing sites that were being operated. They were getting these names -- the scheme was that they were taking names from elsewhere, identifiers. Sometimes they were mixing them up. Sometimes they were just using them. And they were submitting them as claims to the government for COVID testing, but that they were not operating sites. They separately -- Anosh Ahmed paired with the City of Houston to operate some sites for a limited time in 2022 that are not part of the scheme, and we've produced all of that.
But there are no documents to show the sites where they were collecting otherwise for the purpose of the scheme, because there were no sites.
THE COURT: What I'm going to do is, since you're making me do this, I'm going to issue a written decision so that you understand what they have a right to have. And then

if you disagree with my decision, then fine. You can take that up or do something else with it. Ask for reconsideration. But I'm going to spell it out as to what they should be given at this point based on what they're requesting.

MS. GUZMAN: And, Judge, just to be --

THE COURT: Without any -- I mean, I don't need any further argument. That's what I'm saying. You all put it in writing. Unless you have something different that you didn't put in writing, that's what I'm going to rely on.

MS. GUZMAN: Yes.

THE COURT: What they asked for that you all don't seem to think you have to give anything more of, I'm going to look at the papers, and then I will issue my ruling. That's what I'm saying. All right.

MS. GUZMAN: Okay, Judge.

THE COURT: All right.

MS. SANSONETTI: There -- I'm sorry. Go ahead.

THE COURT: Anything else?

MR. ROADMAN: Your Honor, you did deny the one -- their motion -- ours for on behalf of Chaudhry is slightly different too. We have the overwhelming prejudice of being involved. You know, we're saying our guy is, is prejudiced. It's slightly different from --

THE COURT: Denied.

MR. ROADMAN: -- the separation. I just want to make

sure. Are you denying that also?

THE COURT: Yes.

MR. ROADMAN: Okay.

THE COURT: Denied. Without prejudice.

MR. ROADMAN: All right.

THE COURT: All right.

MS. SANSONETTI: And so just the record is clear, we raised the duplicity motion with respect to --

THE COURT: Yes, you did.

MS. SANSONETTI: Okay. Thank you.

THE COURT: And I will put that in my order too.

MS. SANSONETTI: Thank you, Your Honor.

THE COURT: All right. So is there anything else that has to be done today on this?

MS. SANSONETTI: Judge, I just -- the defense opposes a moving of the trial date. We're, we're -- the July trial date works for all defense counsel.

THE COURT: And how long was that trial supposed to take?

MS. SANSONETTI: Well, I think it depends on if it's just the two defendants versus --

THE COURT: Versus three?

MS. SANSONETTI: -- all four.

THE COURT: All four. First of all, we don't know about the other defendant, correct, yet?

MS. SANSONETTI: Right.

MS. MECKLENBURG: We have -- we'll have a witness -- our tentative witness list for even if it's just the two defendants is about over 20 witnesses.

THE COURT: Okay.

MS. MECKLENBURG: We expect that it will take three weeks.

THE COURT: Okay. Great. I just need at least a --

MS. MECKLENBURG: Yes, we expect three weeks, Your Honor.

THE CLERK: We set three weeks.

THE COURT: You reserved three weeks?

THE CLERK: In July.

THE COURT: Okay. All right. Oh, fun July. Fun summer. All right. So we have that time. And why are you saying that you think it needs to be changed is because of your witness that's getting extradited -- or your defendant that's getting extradited, that you think is going to be extradited?

MS. MECKLENBURG: Well, when we left it, defense was asking for it to be moved to September.

MS. SANSONETTI: Judge, I wasn't here for that. And I'm not able to do September. So we've all discussed July.

THE COURT: All right. Go ahead.

MR. ROADMAN: When I asked for that consideration last time, Miss Sansonetti was not here. She subsequently has said

she can't do it in September.

THE COURT: Well, I have an antitrust trial in September, so I won't be doing it in September. And I have a patent case, a patent trial in October, and that's going to take a while. So I won't be doing any trials for a while except for unless we do them in the summer or unless we're looking at winter, you know, 2027. So that's where we are.

MS. MECKLENBURG: So then what we're saying, Your Honor, is that we don't want the -- we don't believe that the Court and the witnesses should have to do this twice. The extradition is pending. We have some precedent in our office. Last year Serbia extradited a fraudster. It took 11 months from the date of arrest until the date he was in the United States. So I'm not saying that's exactly the case here. I'm just giving you the only precedent that we have. And we're also working to see if it's possible that he -- being in a Serbian prison might be -- it might be more -- he might favor waiving extradition and coming back here versus staying in a Serbian prison waiting for a decision there. That's what we're also looking into.

THE COURT: I don't know the state of their prisons. I don't know what kind of prisons they have. Who knows. They may have great uniforms that he prefers there. You never know. We need to take a date and figure out what is going on here. So right now we have -- what date do we have scheduled, Yvette,

or did we schedule one for sure?

THE CLERK: For trial?

THE COURT: Yes.

THE CLERK: July 9th.

THE COURT: July 9th was scheduled for trial. So right now we're going to leave that there. I will get my orders out, and my thought is we come back in 30 days, and we find out where we are. Anybody have a problem with that?

MS. GUZMAN: No, Your Honor.

MS. MECKLENBURG: That sounds good, Your Honor.

THE COURT: All right.

MR. ROADMAN: No objection, Judge.

THE COURT: And at that time not only will we figure out a little bit more maybe about where we are with the other defendant, but the Court will have made other rulings, and we'll try to figure out the propriety or the efficiency of whether or not we put on a case or try to set a date. All right. And then we'll get our final pretrial order dates and all that in order if we need to go ahead and set them.

MS. MECKLENBURG: And we'll get the early returns of trial subpoenas.

THE COURT: Oh, yes. I granted that.

MS. MECKLENBURG: Thank you, Your Honor.

THE COURT: All right. Okay.

MS. MECKLENBURG: And I don't know if time has been

excluded through the trial.

THE COURT: No, but we haven't even given you the date. So let's get the date. 30 days.

THE CLERK: March 31st at 10:30.

THE COURT: How's that?

MS. SANSONETTI: That's fine for Mr. Khan.

MR. ROADMAN: That's fine, Judge.

THE COURT: All right.

MR. COLLINS: Thank you.

THE COURT: All right. March 31st will be the next date. Motion to exclude time, is that what you're asking, Miss Mecklenburg?

MS. MECKLENBURG: I'm sorry. Yes, Your Honor.

THE COURT: All right. Any objection?

MR. ROADMAN: No objection.

THE COURT: Any objection on Mr. Chaudhry?

MS. SANSONETTI: No objection, Your Honor.

THE COURT: All right. None for Mr. Khan and none for Mr. Sira -- all right. Say it again.

MR. COLLINS: Sirajudeen.

THE COURT: Sirajudeen. Thank you. All right. No objection. All right. Everybody on the phone hear what's going on?

DEFENDANT CHAUDHRY: Yes, Your Honor.

DEFENDANT KHAN: Yes, Your Honor.

THE COURT: All right. Good. That's our next date. And if your counsel needs you to be by phone, please give a heads up to Miss Montanez so she can make sure she's set up right. All right. Take care everyone. All right. Thank you.

MS. MECKLENBURG: Thank you, Your Honor.

MS. SANSONETTI: Thank you, Your Honor.

THE COURT: All right. Have a good weekend.

(Concluded at 10:26 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/ TRACEY D. McCULLOUGH February 27, 2026
TRACEY D. McCULLOUGH, CSR, RPR
Official Court Reporter