IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANOSH AHMED,
MOHAMED SIRAJUDEEN,
    aka "SIRAJ,"
MAHMOOD SAMI KHAN,
    aka "SAMI," and
SUHAIB AHMAD CHAUDHRY,

Defendants.

Case No. 1:25-cr-00321-4

Hon. Sharon Johnson Coleman

**DEFENDANT SUHAIB CHAUDHRY'S MOTION TO ADOPT**

Defendant Suhaib Chaudhry ("Chaudhry") joins in and adopts Defendant Khan's Motion to Dismiss with Prejudice or, in the Alternative, for an Evidentiary Hearing Based Upon and Prosecutorial Misconduct in the Grand Jury (Dkt. 100) ("Motion to Dismiss") of his co-defendant Mahmood Sami Khan (Kahn") to the extent that the reasoning, arguments and relief therein apply equally to him. Additionally, and in support of the Motion to Dismiss, Chaudhry states as follows:

**Introduction**

Last Friday, May 22, 2026, the government, for the first time, informed defense counsel that it had concerns of "potential taint" in the grand jury process in this case and specifically, the conduct of a specific Assistant United States Attorney ("AUSA A"). This revelation came just hours after the United States Attorney, Andrew Boutros, appeared at a hearing before Judge Perry to dismiss all charges against the defendants in *United States v. Rabbitt, et al.*, 25-CR-693. That dismissal was based, at least in part, on the United States Attorney's review of grand jury minutes involving the same grand jury and AUSA A as in this case. It is now clear that the concerns about prosecutorial behavior are not isolated to the *Rabbitt* case.

Late Friday evening, the government, in this case, produced transcripts of the grand jury minutes to defense counsel totaling almost 900 pages. Upon review, over the holiday weekend, eight distinct categories of misconduct reoccur throughout the proceedings. Considered collectively, they obliterated the grand jury's independent functioning and the integrity of the process: (1) repeated personal vouching for witnesses and the strength of the government's case; (2) treatment of the indictment as a foregone conclusion and assurances about post-indictment events; (3) inflammatory characterizations of the defendants, including name-calling and folk-wisdom metaphors; (4) disclosure of extra-record information including off-record negotiations with a subject's counsel; (5) familiarity and rapport-building with the grand jurors that compromised their independent role; (6) disclosure of related charging decisions, including the flight of one subject to Dubai and the prosecution of another in a related matter; (7) mischaracterizations of legal principles upon which the undersigned defendants were ultimately indicted; and (8) mischaracterization of evidence specific to Chaudhry in a way that compromises the integrity of the evidence.

### Background

On June 17, 2025, after the government convinced grand jurors to return an indictment, Chaudhry was arrested in his home in Texas and was held in jail. (Dkts. 1, 19). Chaudhry's arrest was a total surprise. With his counsel, Chaudhry, had worked with the government for over two years to respond to multiple grand jury subpoena requests. Chaudhry's counsel had met with and communicated with the government, and particularly AUSA A, to explain Chaudhry's role in the Anosh Ahmed organization, to identify exculpatory evidence (in sum, that Chaudhry and Khan were extensively involved in the day to day running of COVID-19 testing sites in conjunction with the City of Houston during early 2022, that Chaudhry had no knowledge of any of the alleged activity connected to O'Hare Clinical Labs, and that Chaudhry was not aware of how Anosh

2

Ahmed (and others) billed HRSA for those and other COVID-19 testing activities that Chaudhry was involved with. There was zero indication that Chaudhry was a flight risk. In fact, a year earlier, Chaudhry voluntarily got off a flight leaving the Houston airport for an overseas trip and remained in the United States when one of his colleagues (Individual F in the government's Santiago Proffer – Dkt, 97) was arrested and hauled off the plane based on a sealed complaint and concerns that she was fleeing. After Chaudhry's arrest in June 2025, AUSA A demanded certain unreasonable conditions of release, which Chaudhry had to agree to or his detention hearing in Houston would not have taken place until after a holiday weekend (six days later). (Dkt. 17) At the first opportunity, Chaudhry petitioned the court to amend those conditions of release — that request was immediately granted (in part). (Dkts. 40, 43). Since that time, Chaudhry has been required to wear a GPS location monitoring device and prepare for trial in this matter set for July 9, 2026.

## The Indictment Should be Dismissed.

Chaudhry has suffered the devasting impacts that are inherent with being named a defendant in federal criminal indictment. Before the indictment was returned, he lived with the stress of the government's investigation for years. He was served with multiple grand jury subpoenas and, to date, has produced more than 93,000 pages of records. In the last year, he's lived under the weight of the federal indictment with the attendant reputational, financial, and personal consequences that flow from being publicly accused of criminal conspiracy to commit money laundering, the only count in which he is charged. Chaudhry has devoted extraordinary time and resources to preparing his defense and for trial on what appears to be an indisputably flawed Indictment.

During last Friday's revelatory call, the government stated that it intends to seek a continuance of the trial date in this matter so that it can pursue a superseding indictment in attempt

to cure the "potential taint." The arguments against a superseding indictment and how that cannot fix the government's problem are articulated in Khan's Motion to Dismiss. However, the simplest argument might be the best one. Anything less than dismissal with prejudice is nothing more than a do over for the government. A do over is appropriate where one side makes a mistake. Here, the minutes make clear that AUSA A's conduct was not simply a mistake but, instead, a pattern of misconduct. Additionally, the government only disclosed this misconduct after the extraordinary appearance by the United States Attorney before Judge Perry to dismiss charges in the *Rabbitt* case. Only after that press worthy hearing occurred, did the government disclose that similar improper behavior and vouching by AUSA A occurred in this case, yet it had been reviewing AUSA A's conduct for weeks.

WHEREFORE, Defendant Suhaib Chaudhry respectfully requests that the Court permit him to adopt Defendant Khan's Motion to Dismiss with Prejudice or, in the Alternative, for an Evidentiary Hearing Based Upon and Prosecutorial Misconduct in the Grand Jury (Dkt. 100).

Date: May 26, 2026                     Respectfully submitted,

                                        SUHAIB CHAUDHRY

              By*:*     */s/ Leigh D. Roadman*
                      One of His Attorneys

Leigh D. Roadman (06193461)
Mason N. Floyd (06282874)
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, Illinois 60601
T: 312-985-5900

4