**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:25-cr-00321 |
| ANOSH AHMED, MOHAMMED SIRAJUDEEN, aka "SIRAJ," MAHMOOD SAMI KHAN, aka "SAMI," and SUHAIB AHMAD CHAUDHRY, | Hon. Sharon Johnson Coleman |
| Defendants. | |

**ANOSH AHMED'S MOTION TO JOIN KHAN'S MOTION TO DISMISS WITH PREJUDICE OR IN THE ALTERNATIVE, FOR AN EVIDENTIARY HEARING BASED UPON PROSECUTORIAL MISCONDUCT IN THE GRAND JURY**

Dr. Anosh Ahmed moves to join and adopt Mahmood Sami Khan's Motion to Dismiss with Prejudice or in the Alternative, for an Evidentiary Hearing Based Upon Prosecutorial Misconduct in the Grand Jury (Dkt. 100). In support of his motion, Dr. Ahmed states as follows:

**FACTUAL BACKGROUND**

On May 21, 2026, the United States Attorney for the Northern District of Illinois personally appeared to dismiss all charges against the defendants in *United States v. Rabbitt* on the eve of trial after significant misconduct tainted the grand jury proceedings. *See* 25-cr-693 (N.D. Ill., May 21, 2026), Dkt. 186. The *Rabbitt* Court emphasized the severity of the misconduct, stating she had "never seen the types of prosecutorial behavior before a grand jury that [she] saw in those transcripts." Transcript at 22:16–18, *United States v. Rabbitt*, 25-cr-693 (N.D. Ill., May 21, 2026), Dkt. 187, publicly available at https://blockclubchicago.org/2026/05/22/full-transcript-judge-discusses-prosecutors-errors-in-broadview-protester-case/. This misconduct included excusing

1

jurors who disagreed with the Government's case, improper prosecutorial communications of a substantive nature with grand jurors outside the grand jury room, and improper prosecutorial vouching by a "20-years-plus senior [Assistant U.S. Attorney] veteran." *Id.* at 31:5–7.

The U.S. Attorney subsequently released a statement that the U.S. Attorney's Office was investigating the grand jury proceedings involving the *Rabbitt* prosecution team. *See* Jon Seidel, Chicago U.S. Attorney Says He's Reviewing Other Cases That Might Have Been Tainted Like The 'Broadview Six', ChicagoSun Times (May 22, 2026), https://chicago.suntimes.com/crime/2026/ 05/22/broadview-six-federal-prosecutors-misconduct-tainted-cases-reviewed. Based on this statement, on May 26, 2026, Dr. Ahmed's counsel emailed the Government requesting confirmation as to whether it intended to investigate the indictments returned against Dr. Ahmed. *See* Exhibit A at Exhibit 1.

Later that same day, Khan filed a motion to dismiss the indictment. Dr. Ahmed and his counsel learned for the first time through the motion that the same grand jury that indicted the defendants in *Rabbitt* returned the indictment in this matter, that the Government had investigated the grand jury proceedings in this matter, and that the Government subsequently decided to provide the grand jury transcripts to Khan and Chaudhry following its investigation. Dkt. 100 at 9–10. The motion—and Chaudhry's subsequent motion to adopt—identified eight different types of misconduct by the Government. The misconduct included: "(1) repeated personal vouching for witnesses and the strength of the government's case; (2) treatment of the indictment as a foregone conclusion and assurances about post-indictment events; (3) inflammatory characterizations of the defendants, including name-calling and folk-wisdom metaphors; (4) disclosure of extra-record information including off-the-record negotiations with a subject's counsel; (5) familiarity and rapport-building with the grand jurors that compromised their independent role; (6) disclosure of

related charging decisions, including the flight of one subject to Dubai and the prosecution of another in a related matter; (7) mischaracterizations of legal principles upon which the undersigned defendants were ultimately indicted; and (8) mischaracterization of evidence specific to the undersigned defendant in a way that compromises the integrity of the evidence." *See id.* at 14; *see also* Dkt. 101 at 2.

The next day, on May 27, the U.S. Attorney issued another press release, stating that "divergent practices" in the grand jury "have existed across the Office for decades, including from one Assistant U.S. Attorney to another as well as from one generation to the next." *See* May 27, 2026 Press Release, U.S. Attorney's Office, Northern District of Illinois, <u>United States Attorney Andrew S. Boutros Announces Sweeping Reforms to Internal Grand Jury Practices and Disclosures; Remediation Plan Includes Most Substantial and Significant Changes in Decades</u> (May 27, 2026), https://www.justice.gov/usao-ndil/pr/united-states-attorney-andrew-s-boutros-announces-sweeping-reforms-internal-grand-jury. These "divergent practices" led the U.S. Attorney to announce he was undertaking "sweeping internal reforms," including "increased and expanded education about grand jury presentations, including extensive, deep-dive training from national experts outside the Office" and "swift action related to internal personnel matters." *Id.*

On May 28, 2026, counsel for Dr. Ahmed requested that the Government share the grand jury transcripts it provided to Khan and Chaudhry and preserve any documents related to the grand jury proceedings in this matter. *See* Exhibit A. The Government has not yet provided Dr. Ahmed's counsel with its position as to whether it will share the transcripts. And since Dr. Ahmed's counsel thus does not have the transcripts, counsel has not yet had the opportunity to review the transcripts to evaluate if any other misconduct specific to Dr. Ahmed occurred in the grand jury proceedings.

Dr. Ahmed appears and brings this motion now, as his understanding of the misconduct in this case relied on publicly available filings and media reporting. Dr. Ahmed wants to make the record that it is his position that if the Court decides to dismiss the indictment at issue here, it should do so as to all defendants, including Dr. Ahmed.

## ARGUMENT[1]

### I. The Court should dismiss the indictment with prejudice.

"The prosecutor's responsibility is to advise the grand jury on the law and to present evidence for its consideration." U.S. Dep't of Just., Just. Manual § 9-11.010. Importantly, "[i]n discharging [her] responsibilities [to the grand jury], the prosecutor must be scrupulously fair to all witnesses and must do nothing to inflame or otherwise improperly influence the grand jurors." *Id*. The reason for this is clear: "The United States Attorney['s] . . . interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done . . . . It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. U.S.*, 295 U.S. 78, 88 (1935). The *Rabbitt* Court reiterated this longstanding position: "[The Department of Justice's] sole goal is to do justice. [Its] client is justice itself." *Rabbitt,* 25-cr-693, May 21, 2026 Tr. at 23:21-25.

---

[1] Dr. Ahmed anticipates that the Government will ask the Court to dismiss this motion without considering its merits under the fugitive disentitlement doctrine. But "[t]he sanction of disentitlement is most severe." *Degen v. U.S.*, 517 U.S. 820, 828 (1996). The Seventh Circuit recognizes that disentitlement is a discretionary doctrine courts must apply sparingly. *Gutierrez-Almazan v. Gonzales*, 453 F.3d 956, 957 (7th Cir. 2006). For business and other reasons, Dr. Ahmed traveled from the United States before any indictment was returned against him. His return to the United States was delayed because of several significant family health issues. When confronted with a similar situation where a defendant left the United States before an indictment was returned, the Seventh Circuit declined to apply the fugitive disentitlement doctrine. *See U.S. v. Bokhari*, 757 F.3d 664, 672 (7th Cir. 2014). Considering the serious misconduct in the grand jury proceedings which undercut the validity of the indictment here, the Court should exercise its discretion and *decline* to apply the fugitive disentitlement doctrine should the Government so request.

The Government failed in its duty to the grand jury here. As noted, the undersigned counsel has not independently reviewed the transcripts because the Government has not provided the transcripts as of the date of this motion. Nevertheless, there is no question that the misconduct described in Khan's motion to dismiss—vouching for evidence and witnesses, mischaracterizing the law and the facts, and making inflammatory characterizations about the defendants—improperly influenced and inflamed the grand jury, thus tainting the grand jury proceedings for any defendants indicted (including Dr. Ahmed). *See* Dkt. 100 at 14. The Government recognized this when it chose to dismiss with prejudice the charges against the *Rabbitt* defendants.

The Government's misconduct here was not isolated. The Government's actions replicated misconduct displayed in the *Rabbitt* case—a fact that the Government itself recognized when it disclosed the misconduct to Khan's and Chaudhry's counsel. *See id.* at 9; *see also Rabbitt*, 25-cr-693, May 21, 2026 Tr. at 22:23–25. Coupled with additional examples of grand jury misconduct affecting other matters in the Northern District of Illinois that Khan identified in his motion, the record is straightforward—these "divergent practices" "have existed across the Office for decades, including from one Assistant U.S. Attorney to another as well as from one generation to the next." *See* May 27, 2026 Press Release.

The grand jury misconduct described by Khan and Chaudhry warrants action by the Court. *See U.S. v. Linder*, 2013 WL 812382, at *31 (N.D. Ill. Mar. 5, 2013) ("[T]he Court may dismiss an indictment on other grounds pursuant to its supervisory powers, such as when the government exhibits outrageous misconduct in prosecuting the indictment, causing prejudice to the defendant; such a dismissal is a prophylactic tool used to discourage future deliberate governmental impropriety."). While Dr. Ahmed's counsel has not personally identified every act of misconduct

in the grand jury, in sum, the Government's actions here irretrievably undermine the validity of the indictment because they are geared to improperly influence the grand jury's decision.

Improperly returning an indictment also prejudiced Dr. Ahmed. As a result of the improper indictment, Dr. Ahmed has been detained in Serbia while he exercises his legal options to challenge extradition proceedings predicated on that same suspect indictment. His detention has prevented him from communicating directly with his counsel and actively participating in the defense of the pending charges. *U.S. v. Austin*, 2025 WL 1899503, at *7 (N.D. Ill. July 9, 2025) ("[T]he Sixth Amendment gives defendants not just the right to counsel, but the right to frequently consult with their attorneys, confront adverse witnesses, and otherwise meaningfully participate in their defense.") (citing *Geders v. U.S.*, 425 U.S. 80, 88, 92 (1976)).[2] Moreover, since the indictment was returned, Dr. Ahmed has incurred significant legal fees and extensive negative press. The strain of fighting the indictment caused his family undue stress. Accordingly, Dr. Ahmed joins Khan and Chaudhry in their motion seeking dismissal of the indictment with prejudice.

## II. The Court should order the Government to produce the grand jury transcripts to Dr. Ahmed.

Dr. Ahmed also respectfully requests that the Court order the Government to produce the grand jury transcripts to his counsel. Federal Rule of Criminal Procedure 6 permits the Court to order the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.

---

[2] Courts in this district recognize that the Sixth Amendment right to counsel attaches at indictment. *See U.S. v. Lewellen*, 2011 WL 13365607, at *2–3 (N.D. Ill. Sept. 20, 2011) (holding *Rothgery* did not eliminate the attachment of the right to counsel upon indictment); *cf. Chen v. Yellen*, 2023 WL 8925038, at *2 (7th Cir. Dec. 27, 2023) (recognizing the right to counsel under the Sixth Amendment attaches when a criminal prosecution is commenced "whether by way of formal charge, preliminary hearing, *indictment*, information, or arraignment.") (citing *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008)) (emphasis added).

R. Crim. P. 6(e)(3)(E)(ii).  The defendant must make a showing of a particularized need for the transcript that outweighs the inherent need for secrecy in the grand jury proceedings and requires more than "unsupported speculation."  *U.S. v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978).

Dr. Ahmed's claim of misconduct is not speculative.  As explained above, Khan and Chaudhry identify eight different kinds of misconduct in the grand jury, collectively warranting dismissal of the indictment.  But without the transcripts to review, it is unclear whether there is additional misconduct directed specifically at Dr. Ahmed that would further warrant the dismissal of the indictment with prejudice.  Dr. Ahmed requests that the Court provide his counsel the same ability to review the transcripts as was provided to the other defendants in this matter.  To the extent that the review of the transcripts reveals additional misconduct warranting additional recourse, Dr. Ahmed reserves his right to pursue that relief.

## CONCLUSION

For the reasons stated, Dr. Ahmed respectfully requests that the Court grant his motion to join, dismiss the indictment with prejudice, and order the Government to produce the grand jury transcripts to him.

Dated: June 9, 2026                                   Respectfully submitted,

/s/     Dan K. Webb
Dan K. Webb
Matthew R. Carter
Amanda M. Stephens James
WINSTON TAYLOR LLP
300 N La Salle Dr.
Chicago, IL 60654
Tel: 312-558-5600
dan.webb@winstontaylor.com
matthew.carter@winstontaylor.com
amanda.stephensjames@winston.com

*Attorneys for Defendant Anosh Ahmed*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2026, I filed the foregoing document using the CM/ECF system and caused it to be served on counsel of record.

/s/ *Matthew R. Carter*
Matthew R. Carter
WINSTON TAYLOR LLP
300 N La Salle Dr.
Chicago, IL 60654
Tel: 312-558-5600
matthew.carter@winstontaylor.com

*Attorney for Defendant Anosh Ahmed*