# EXHIBIT A



NORTH AMERICA   SOUTH AMERICA   EUROPE

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 312-558-5600
+1 312-558-5700

**DAN WEBB**
Partner
+1 (312) 558-5856
DWebb@winston.com

May 28, 2026

United States Attorney Andrew Boutros
First Assistant United States Attorney Jason Yonan
Assistant United States Attorney Kelly Guzman
Dirksen Federal Building
219 S. Dearborn St.
Chicago, IL 60604
Andrew.Boutros@usdoj.gov
Jason.Yonan@usdoj.gov
Kelly.Guzman@usdoj.gov

**PRESERVATION REQUEST RELATED TO GRAND JURY AND OTHER
MATERIALS RELATED TO CASE NUMBERS 24-CR-232 AND 25-CR-321**

**SENT VIA EMAIL**

Dear Andrew, Jason, and Kelly:

We write to follow up on our May 26, 2026 request to Kelly for information regarding the government's investigation into misconduct in the grand jury proceedings related to the return of indictments against our client, Dr. Anosh Ahmed, in case numbers 24-cr-232 and 25-cr-321. *See* Exhibit 1. We learned about this investigation in the media at the end of last week. More information has come to light since we wrote to Kelly on Tuesday morning.

On Tuesday evening, we saw and reviewed the public version of the motion to dismiss the indictment filed by Sami Khan in 25-cr-321. Through that review we learned that the government disclosed to Mr. Khan and Suhaib Chaudry that the grand jury that returned the indictment in case number 25-cr-321 was the *same* panel involved in returning the indictment in the Broadview Six matter. *See United States v. Ahmed,* 25-cr-321, Dkt. 100. Moreover, Mr. Khan's motion explained that the government told his counsel that one of the assistant U.S. attorneys involved in the Broadview Six matter may have improperly vouched for evidence or witnesses during the grand jury proceedings in this matter too.

Mr. Khan's motion, made after his counsel had the opportunity to review the grand jury transcripts over the weekend, ultimately identified multiple categories of grand jury misconduct (including those identified by the Office and others): "(1) repeated personal vouching for witnesses and the strength of the government's case; (2) treatment of the indictment as a foregone conclusion and assurances about post-indictment events; (3) inflammatory characterizations of the defendants, including name-calling and folk-wisdom metaphors; (4) disclosure of extra-record information



May 28, 2026
Page 2

including off-the-record negotiations with a subject's counsel; (5) familiarity and rapport-building with the grand jurors that compromised their independent role; (6) disclosure of related charging decisions, including the flight of one subject to Dubai and the prosecution of another in a related matter; (7) mischaracterizations of legal principles upon which the undersigned defendants were ultimately indicted; and (8) mischaracterization of evidence specific to the undersigned defendant in a way that compromises the integrity of the evidence." *Id.* at 14.

Given the serious allegations of misconduct made in Mr. Khan's motion and the misconduct identified and acknowledged in various statements by Andrew and in other statements identified in the media (related to Broadview Six and the conduct of the Office more generally), we write to formally reiterate our request that you provide us with the outcome of any investigation into potential misconduct in the grand jury proceedings for case numbers 24-cr-232[1] and 25-cr-321 and the documents that the government relied on to reach that conclusion. *See* Exhibit 1. Please also confirm when and how the Office learned of the grand jury misconduct in the indictments returned against Dr. Ahmed, what internal investigation was conducted into those matters, why the Office did not immediately disclose the misconduct to us once it was discovered, and whether the Office will seek to supersede the indictments against Dr. Ahmed. We also ask that you provide copies of the unredacted grand jury transcripts from both cases for our review—which the Office has acknowledged doing for other defendants. Of course, we are happy to discuss confidentiality terms with you if needed.

Next, we ask that the Department of Justice (including the Chicago U.S. Attorney's Office and the DOJ more broadly) preserve and maintain any and all emails, text messages, voice messages, documents, notes, and records of any kind related to 1) the circumstances surrounding the grand jury proceedings in case numbers 24-cr-232 and 25-cr-321 and 2) efforts to redact any materials in those grand jury proceedings or to conceal any misconduct in the grand jury for those matters. This request includes emails, text messages, and other records of the prosecutors involved with the indictments against Dr. Ahmed, as well as any other AUSAs or federal agents who participated in the matters (including the grand jury proceedings) and the subsequent review and investigation into grand jury misconduct.

The failure to preserve relevant data may constitute spoliation of evidence. We trust you will preserve the requested data for the duration of this matter. In the event a dispute arises because of a failure to preserve documents, please accept this letter as formal notice of your preservation obligations.

Finally, we saw yesterday that the Office announced that it has implemented sweeping reforms providing "clear, bright line rules that everyone must abide by" to address the misconduct identified in grand jury proceedings. *See* https://www.justice.gov/usao-ndil/pr/united-states-attorney-andrew-s-boutros-announces-sweeping-reforms-internal-grand-jury. In the interest of the "transparen[cy]" referenced in Andrew's announcement and "to eliminate points of contention

---

[1] We understand from Mr. Khan's motion to dismiss the indictment that the government is also currently investigating the grand jury proceedings related to the return of the indictment brought in case number 24-cr-232.



. . . as it relates to grand jury proceedings," as also referenced in the announcement, we request that the Office share its revised procedures governing grand jury procedures and disclosures, particularly to the extent that these procedures may dictate if, and when, the Office intends to supersede the tainted indictments.

Sincerely,

Dan K. Webb

Cc:     Matthew R. Carter
        Amanda Stephens James

# EXHIBIT 1

| | |
|---|---|
| **From:** | Carter, Matthew |
| **Sent:** | Tuesday, May 26, 2026 11:23 AM |
| **To:** | Guzman, Kelly (USAILN) |
| **Cc:** | Webb, Dan; Stephens James, Amanda |
| **Subject:** | A. Ahmed Matter-- GJ Presentation Investigation |
| **Attachments:** | 2026.05.23 - Chicago U.S. attorney says he's reviewing other cases that might have been tainted like the 'Broadview Six' - Chicago Sun-Times.pdf |

Hi Kelly,

I hope you are doing well and had a nice holiday weekend.

Dan, Amanda, and I learned over the weekend that following the decision to dismiss the Broadview 6 indictment because of serious problems with grand jury proceedings, the Chicago U.S. Attorney's Office is conducting an investigation into any other indictments that could have been similarly impacted. As you know, and as the media has reported, that would include both indictments returned against our client, Anosh Ahmed.

Given the serious nature of the conduct at issue, we respectfully ask that you confirm that your office is reviewing the grand jury proceedings in case numbers 24-cr-232 and 25-cr-321 to evaluate whether any misconduct occurred that would impact Dr. Ahmed's cases. We also ask that you inform us of the outcome of that review and provide us the evidence relied on to reach that conclusion so that we can decide if we need to raise the matter in court.

Will you please let us know your position on these requests?

Thanks.

Matt



**MATTHEW CARTER**
PARTNER

**T** +1 (312) 558-3181
mcarter@winston.com

*Admitted to practice in Illinois*

1

Public

Hedge funds have gutted local news across America. Chicago is fighting back.

Log In

## CS★T

Donate ⓘ

CRIME    CHICAGO    POLITICS

# Chicago U.S. attorney says he's reviewing other cases that might have been tainted like the 'Broadview Six'

The news comes as Broadview Six defense attorneys say they've "lost complete faith and confidence" in the Chicago U.S. attorney's office "to do the right thing on its own."

By  Jon Seidel   |   May 22, 2026, 5:09pm CDT

Case: 1:25-cr-00321 Document #: 110-1 Filed: 06/09/26 Page 8 of 13 PageID #:800




U.S. Attorney Andrew Boutros said Friday his office is reviewing grand jury presentations in the wake of charges being dropped against the "Broadview Six" protesters. │ Anthony Vazquez/Sun-Times

**The Sun-Times is a nonprofit newsroom.**
We rely on our readers to fund our work. This keeps us accountable to you, not hedge funds or politicians.

**DONAT**

[ SHARE ]    [ COPY LINK ]

Chicago U.S. Attorney Andrew Boutros confirmed Friday an "ongoing" review of grand jury presentations by his office that might have been tainted similarly to the case of the "Broadview Six," which derailed Thursday amid revelations <u>of apparent prosecutorial misconduct</u> during grand jury proceedings.

A pair of high-profile fraud cases tied to Loretto Hospital are among those that could be affected by any such review. That's because Sheri Mecklenburg, once the lead "Broadview Six" prosecutor who appeared before the grand jury, participated in the Loretto-related indictments.

U.S. Sen. Dick Durbin's office also announced that Mecklenburg had been "terminated" from her temporary role with the Senate Judiciary Committee, which earlier this year drew her away from what's now an embarrassing case against six people who protested the Operation Midway Blitz deportation campaign in Broadview.

RELATED

**'Broadview Six' charges dropped as Chicago's top federal prosecutor admits case was tainted by misconduct**

Mecklenburg could not be reached for comment Friday.

Finally, Oak Park village trustee Brian Straw — among those charged in the "Broadview Six" case — asked U.S. District Judge April Perry for an order preserving any emails, text messages or other communications relating to the grand jury proceedings in that prosecution.

Straw's attorneys, Christopher Parente and Damon Cheronis, wrote in a court filing that they'd "lost complete faith and confidence in [Chicago's] U.S. Attorney's Office to do the right thing on its own." Parente also called on Durbin and U.S. Sen. Tammy Duckworth to investigate Boutros' office.

It's likely just the beginning of the fallout from Thursday's dramatic disclosure of alleged prosecutorial misconduct, which Perry said left her "incredibly shocked." She said "trust has been broken" with Boutros' office.

"As soon as we learned of the conduct in the grand jury, we immediately moved to dismiss the indictment in [the 'Broadview Six'] case and proactively initiated an immediate review of those grand jury presentations that could have been impacted in a similar fashion," Boutros said in a statement Friday. "That review is ongoing."

Case: 1:25-cr-00321 Document #: 110-1 Filed: 06/09/26 Page 10 of 13 PageID #:892

Such a review is likely to include other cases handled by the "Broadview Six" prosecutors.

Defense attorneys are sure to begin raising questions about the feds' conduct in other cases. Joshua Herman, attorney for former congressional candidate Kat Abughazaleh, told reporters Thursday there is a "permanent adverse inference that will be drawn against the Department of Justice based on this ongoing misconduct that is happening here and is happening elsewhere."

Kat Abughazaleh (from left), Michael Rabbitt, Andre Martin and Brian Straw stand together Thursday after their case was dropped during a hearing at the Dirksen Federal Courthouse. They were the remaining four members of the so-called "Broadview Six." | Ashlee Rezin/Sun-Times

Abughazaleh faced charges in the "Broadview Six" case along with Straw and then-Cook County Board candidate Catherine "Cat" Sharp, 45th Ward Democratic committeeperson Michael Rabbitt, musician Joselyn Walsh and Abughazaleh campaign worker Andre Martin.

Charges against Sharp and Walsh were dropped in March. Boutros dropped charges against the remaining defendants Thursday while insisting he'd only learned of the

apparent misconduct by his prosecutors in late April.

Then-Attorney General Pam Bondi temporarily appointed Boutros to his job in April 2025. As that appointment expired last summer, Chicago's federal judges chose Boutros to serve on a more permanent basis.

U.S. District Chief Judge Virginia Kendall has declined to comment on Thursday's revelations, citing the judicial code of conduct through a spokesperson.

---

RELATED

**After rocky first year, Chicago's top federal prosecutor says he isn't taking orders from Washington**

---

The "Broadview Six" case fell apart days before trial after Perry discovered conduct during grand jury proceedings, including a prosecutor improperly putting her personal credibility on the line to support criminal charges, a prosecutor having substantive contact with grand jurors outside the grand jury room, and a prosecutor excusing grand jurors who disagreed with the case.

It all came to light only after a lengthy push by defense attorneys to get Perry to review unredacted transcripts of the proceedings.

Also involved in the "Broadview Six" case were assistant U.S. attorneys William Hogan, Matthew Skiba and Andres Almendarez. Courtroom commentary indicated that Skiba and Mecklenburg appeared before the grand jury, with Skiba as the junior prosecutor who had just joined the office in July.

Mecklenburg left the case to serve as counsel to the Senate Judiciary Committee, part of a temporary Justice Department detail that has now ended, according to Durbin's office.

Case: 1:25-cr-00321 Document #: 110-1 Filed: 06/09/26 Page 12 of 13 PageID #:894

U.S. Sen. Dick Durbin │ Ashlee Rezin/Sun-Times

"Sen. Durbin agrees with Judge Perry's concerns about this deeply flawed prosecution," a Durbin spokesperson said Friday. "Our office had no knowledge of this alleged misconduct until [Thursday's] reporting. While the Senate Judiciary Committee doesn't directly employ Sheri Mecklenburg, because of the gravity of the charges in this case, her detail from the Department of Justice has been terminated."

Mecklenburg also has been involved in the prosecution of two fraud cases involving former Loretto executive Anosh Ahmed, accused of swindling the hospital and the federal government out of millions in separate schemes.

Scandal surrounding the hospital dates back to early 2021, when Block Club Chicago reported the hospital had shared COVID-19 vaccines with employees at Trump Tower, where Ahmed had a condo.

At that time, the vaccines were just becoming available and were still rare.

 SHARE     COPY LINK

5/24/26, 9:50 AM Chicago U.S. attorney says he's reviewing other cases that might have been tainted like the 'Broadview Six' | Chicago Sun-Times

Case: 1:25-cr-00321 Document #: 110-1 Filed: 06/09/26 Page 13 of 13 PageID #:895

**Jon Seidel**

Chicago Sun-Times • Federal courts reporter/assistant editor

Skip

   0:09 / 0:30

**NEXT UP IN CRIME**

**16 people shot overnight in Chicago**

**Woman killed in South Shore hit-and-run crash**

**Arrest made in shooting of ex-Dolton Mayor Tiffany Henyard's father**

**Indiana deputy shot at hospital by Chicago man, officials say**

**Man, 74, fatally shot in Auburn Gresham**

**Man charged with shooting at cops, woman in South Chicago**