IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 25 CR 321 |
| | ) | |
| v. | ) | |
| | ) | |
| ANOSH AHMED, MOHAMED SIRAJUDEEN, MAHMOOD SAMI KHAN, and SUHAIB AHMAD CHAUDHRY, | ) | Chicago, Illinois |
| | ) | June 10, 2026 |
| Defendant. | ) | 2:28 p.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For the Government: HON. ANDREW S. BOUTROS
United States Attorney
BY: MS. DIANE MacARTHUR
MS. KELLY L. GUZMAN
Assistant United States Attorneys
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604

For Defendant Ahmed: WINSTON & TAYLOR LLP
BY: MR. MATTHEW R. CARTER
300 N. LaSalle Drive, Suite 4400
Chicago, Illinois 60654

For Defendant Sirajudeen: LAW OFFICE OF STEPHEN CHAHN LEE, LLC
BY: MR. STEPHEN CHAHN LEE
209 S. LaSalle Street, Suite 950
Chicago, Illinois 60604

For Defendant Khan: LEINENWEBER DAFFADA & SANSONETTI
BY: MS. GABRIELLE R. SANSONETTI
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602

BLEGEN & ASSOCIATES
BY: MR. PATRICK W. BLEGEN
53 W. Jackson Boulevard, Suite 1424
Chicago, Illinois 60604

Appearances (Cont'd):

For Defendant Chaudhry: CLARK HILL PLC
BY: MR. LEIGH D. ROADMAN
MR. MASON N. FLOYD
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601

ALSO PRESENT: Mr. Mohamed Sirajudeen
Mr. Mahmood Sami Khan
Mr. Suhaib Ahmad Chaudhry

Court Reporter: TRACEY D. McCULLOUGH, CSR, RPR
Official Court Reporter
219 S. Dearborn Street, Room 1232
Chicago, Illinois 60604
312.435.5570
tracey_mccullough@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK: 25 CR 31, USA versus Anosh Ahmed, Mohamed Sirajudeen, Mahmood Sami Khan, and Suhaib Ahmad Chaudhry.

THE COURT: All right. Start, government.

MS. MacARTHUR: Good afternoon, Your Honor. Diane MacArthur and Kelly Guzman on behalf of the United States.

THE COURT: Miss Guzman. All right.

MS. SANSONETTI: Good afternoon, Your Honor. Gabrielle Sansonetti and Pat Blegen for Mr. Khan.

THE COURT: Hello.

MR. BLEGEN: Hi, Judge.

MS. SANSONETTI: Who's present, I want to just note for the record.

THE COURT: Oh. That's nice. He has every right to be.

MS. SANSONETTI: Thank you.

THE COURT: Who else do I have here?

MR. ROADMAN: Leigh Roadman and Mason Floyd on behalf of Suhaib Chaudhry, who is with us today also.

THE COURT: All right. Thank you.

MR. LEE: Steven Lee on behalf of Mohamed Sirajudeen, who is present in court as well.

THE COURT: All right. Thank you.

MR. CLARK: Hello, Judge. Matthew Carter on behalf of Anosh Ahmed.

THE COURT: All right. Thank you. We're going to get to you in a second to make sure you're supposed to be here.

So I've got so many people, why don't you all sit down. Just make sure you're talking into a mic. All right. All right. I'll start from the government's side. So this date had been reserved as a pretrial conference, and it got hijacked.

All right. So what are your motions, government? I'll start with you.

MS. MacARTHUR: Your Honor, the government has one motion pending, which is a motion to continue the trial date, which is currently set for July 9th, 2026.

THE COURT: That's why we were going to have a final pretrial conference today.

MS. MacARTHUR: Correct, Your Honor.

THE COURT: All right. So, and we have other motions for the defense. I will tell you right now that date will be -- that motion will be granted. I will be continuing it. We've got too much work to do before that I think. So no suspense on that one.

All right. So let me go to the defense. You have filed several motions. Who wants to start?

MS. SANSONETTI: Judge, on behalf Mr. Khan, we filed a

motion to dismiss the indictment with prejudice. And last night we filed a supplement to that motion based on information that we received yesterday that was relevant to that motion. If it helps the Court, I'm happy to provide the docket numbers for those motions.

THE COURT: Please do.

MS. SANSONETTI: The docket number for the motion to dismiss is 100, and the docket number for the supplement is 112. And, Judge, I did have an administrative issue with respect to docket 112. If you'd like me to address that now, I can, or I can wait.

THE COURT: Well, why don't you tell me what that administrative issue is.

MS. SANSONETTI: So, Judge, I filed docket 112 on the record late, late last night, late yesterday. And Exhibit D of 112 should have been filed under seal. It involved comments and statements that were made before a grand jury, which --

THE COURT: Granted.

MS. SANSONETTI: Thank you.

THE COURT: All right. Anything else that you have with your filing?

MS. SANSONETTI: That's it.

THE COURT: Hold on one second.

(Pause.)

THE COURT: And again, your client is, for lack of --

I'm not trying to, to short shrift anybody's name, but as to Mr. Khan, correct?

MS. SANSONETTI: Yes, Mr. Khan.

THE COURT: All right. Making sure I have the right ones.

MS. SANSONETTI: Yes. Right.

THE COURT: Thank you. All right. And I'll go ahead and hear the other motions, at least what they are out there, and then we'll talk about whether or not I need briefing or whether we're going to have a hearing, what we're going to do. All right. Right now you just have a motion to dismiss on Khan?

MS. SANSONETTI: Motion to dismiss with prejudice, correct.

THE COURT: There was an alternative I believe.

MS. SANSONETTI: Alternative for an evidentiary hearing as well, yes, you're right.

THE COURT: All right.

MS. SANSONETTI: That's correct.

THE COURT: All right. So that covers all your motions, correct?

MS. SANSONETTI: That's right.

THE COURT: All right. As to Mr. Chaudhry.

MR. ROADMAN: Judge, as to Mr. Chaudhry, we filed a motion to adopt Mr. Khan's motion.

THE COURT: All right.

MR. ROADMAN: That is docket No. 101.

THE COURT: As to -- and as to the motion entirely, the two motions as to motion to dismiss the indictment and as to the motion in the alternative for a hearing?

MR. ROADMAN: That's correct.

THE COURT: Anything else you want to say on that? No?

MR. ROADMAN: Nothing else.

THE COURT: All right. As to Mr. Sirajudeen.

MR. LEE: We have not filed a motion.

THE COURT: You have not filed any motions. Do you plan on filing?

MR. LEE: No.

THE COURT: Really?

MR. LEE: As we've indicated before, Mr. Sirajudeen plans --

THE COURT: Well, I know that was before. I didn't know what it is now.

MR. LEE: He continues to plan to enter a plea worked out with the government at the appropriate time. And we're still having those discussions. We are not filing, and we have not filed a motion.

THE COURT: And again, remind the Court as to how many counts he had against him?

MR. LEE: One.

THE COURT: And that's your understanding also, government?

MS. MacARTHUR: Yes, Your Honor. Thank you. I'm just double checking. I believe that's correct, Your Honor. Thank you.

THE COURT: All right. Thank you. Now, I believe I heard a name that I had not heard here very often, as to Mr. Ahmed. Why don't you step up, Counsel, since I don't know you.

MR. CARTER: Thank you, Judge.

THE COURT: You're welcome.

MR. CARTER: Matt Carter for Dr. Ahmed.

THE COURT: All right. And, first of all, were you able to get in contact with your client?

MR. CARTER: So we have not been able to talk to our client directly. We talk to him through his lawyers in Serbia, and that's how we contact him.

THE COURT: And he has never been in front of me. He's never been arraigned. He's still on the fugitive calendar, is that correct?

MR. CARTER: That's right, Your Honor. Although I do think the fugitive nomenclature is a little unfair. He didn't flee. He was already overseas when he was indicted.

THE COURT: That's what we call it if they're not

here. Nobody's talking about he's fleeing. All right.

MR. CARTER: Thank you.

THE COURT: So we'll cut to the chase on that one. He's not here, and he's not in this country, and he's never been arraigned in front of me, is that correct?

MR. CARTER: That's right, Your Honor.

THE COURT: So the fact that somebody might have known where he was, which was also an issue, that's a whole different thing we'll start discussing. Miss MacArthur, either you or Miss Guzman want to step up right now so at least everybody's on equal footing on this one.

MS. MacARTHUR: Thank you, Your Honor.

THE COURT: So what's your position as to whether or not they can even file an appearance or be here in person?

MS. MacARTHUR: Your Honor, I don't think that there's necessarily a prohibition against the filing of an appearance, but the appearance itself does not then entitle Mr. Ahmed to the same treatment as an attorney -- excuse me, as a defendant who has been arraigned before Your Honor.

In other words, the appearance itself does not now automatically entitle Mr. Carter to the relief that he is seeking, and that includes --

THE COURT: Mr.?

MS. MacARTHUR: The gentleman representing --

THE COURT: Mr. Carter.

MS. MacARTHUR: Yes.

THE COURT: Okay. Yes.

MS. MacARTHUR: Sorry. And that includes both being able to join the motion to dismiss that has been filed by Mr. Khan, as well as necessarily an entitlement to discovery. And we do think that the fugitive disenfranchisement doctrine does apply here for -- excuse me, disentitlement doctrine applies here.

Putting aside whether or not Mr. Ahmed left the United States because of either the investigation against him or for some reason in connection with the thought that he would be charged or had been charged, the fact now remains that he is overseas. He is subject to extradition proceedings. He is aware of these charges through the extradition proceeding alone. And he has not agreed to come back or to be a part of these proceedings.

And to get to the bottom line, Your Honor, he should not be allowed under the fugitive disentitlement doctrine to try to receive the benefit from Your Honor of a ruling on a motion to dismiss to potentially remove him from this case, and at the same time not have to appear and face any consequences that would flow from potentially a conviction. And so we do object at least at a minimum to their entitlement to join the motion to dismiss. And I can put on hold when Your Honor -- or if Your Honor wishes to discuss any entitlement to discovery at

this point.

THE COURT: All right. Thank you. Counsel.

MR. CARTER: Your Honor, we do recognize the fugitive disentitlement doctrine. We understand that Your Honor has lots of discretion on how you'd like to handle whether to hear this or not. We wanted --

THE COURT: Can I cut to the chase real quick. Is he waiving extradition?

MR. CARTER: No, Your Honor.

THE COURT: All right. Now you can go. Keep talking.

MR. CARTER: And this is a unique situation.

THE COURT: Yes.

MR. CARTER: And, you know, Courts have entertained motions to dismiss on defendants who are fighting extradition, including in this very district in a case that we had, the Firtash matter. And so we'd ask Your Honor to allow us to join this motion. We set that forth in our papers. If the government wants to brief the fugitive disentitlement doctrine further, we're happy to do that. But we wanted at a minimum to at least make our position known and put it on the record.

THE COURT: All right. Thank you. Anything to respond to as to that?

MS. MacARTHUR: Your Honor, we do not object to briefing the doctrine that we've just referenced if that would be helpful to the Court, but I would ask there would be a

couple of options I guess available at that point. Either the pending motion to join could be dismissed or denied without prejudice, or it could be held in abeyance until Your Honor is able to make a decision concerning the applicability of the doctrine in this case.

THE COURT: All right. First of all, I am going to ask for briefing on this case and give you a chance to brief this matter. I don't know if it's as cut and dried as the defendant claims from afar, which also causes the Court some discomfort to have everything happen not even from him. You can't even say on the record you talked to him. You're talking through his lawyers in another country, am I correct?

MR. CARTER: That's right, Your Honor.

THE COURT: So I will allow you to brief it. And as to making any decisions on whether -- how this matter goes forward as to discovery, as to whether or not they actually can participate in, in motions that are pending, I'll wait until I get the briefing on this issue. All right. So everything is stayed for that issue. And so you can stay and watch, but you will not be talking other than your appearance is on file, yes. That's fine.

MR. CARTER: May I add one other point, Your Honor.

THE COURT: Sure.

MR. CARTER: The one other thing that we asked in our motion to join is to allow us to have the grand jury

transcripts, and it sounds like maybe that will be briefed, too. But I just wanted to be clear if that's an issue that should be briefed as well. Whether we can get the grand jury transcripts to review for our client.

THE COURT: Your position?

MS. MacARTHUR: We oppose it for right now. Your Honor, again, the --

THE COURT: Why?

MS. MacARTHUR: Let me explain for just a bit.

THE COURT: That's why I asked why.

MS. MacARTHUR: Okay. This gets into a bit the idea of giving discovery to Mr. Ahmed in this case. I have made arrangements for Mr. Ahmed to receive those grand jury transcripts, and so I don't want to suggest that I oppose him being able to get them. The problem is this: Judge, they are grand jury transcripts. They are being maintained under seal, or the order that I received for the other two grand juries in the other Loretto based case is styled by way of an order from the Chief Judge that while it allows me to disclose those transcripts to counsel with appearances on file, it is done with the specific requirement that I had requested, that they be subject to a protective order and that they be treated as sensitive documents.

If it is that I now release them to Mr. Ahmed through his attorneys, those protections are not in place as to

Mr. Ahmed himself, and I have no assurance that he would abide by those restrictions. He's not available to sign a protective order. There's been no communication his counsel has indicated with him directly from the U.S. lawyers to his Serbian lawyers. And so I have no reassurance that he would maintain those documents safely and securely as, as the orders or the under seal requirements put into place.

THE COURT: Anything on that?

MR. CARTER: Yes, Your Honor. We've corresponded a bit with the government on trying to obtain these grand jury transcripts. We've always told the government that we're perfectly happy to sign any protective order or confidentiality obligations. It may take some time because the papers may have to get to our client through his lawyers in Serbia, which is a challenge, and also part of the prejudice that we've talked about here. But, but we're willing to do that if that's an issue.

THE COURT: All right. Well, I'm pleased that you're willing to do that, but I also think there's still a little bit of too much of another step that has to be made here for the Court to allow that to take place right now. So right now you've put yourself -- your client has put you on a different track, and that's where you're going to be for now. All right. So right now that is not allowed.

MR. CARTER: Okay.

THE COURT: Okay. All right.
MR. CARTER: Thank you, Your Honor.
THE COURT: Thank you.
MS. MacARTHUR: Your Honor.
THE COURT: Yes.
MS. MacARTHUR: Your Honor, would you like the government to respond first under the motion to join? We can present our positions on the doctrine through that type of response. I didn't say that very well. We have pending from the Ahmed side --
THE COURT: Right.
MS. MacARTHUR: -- Ahmed side, a motion to join. I can do a response to that for Your Honor where we set forth our position on the, on the doctrine.
THE COURT: Yes, you can go ahead and do that, definitely.
MS. MacARTHUR: That would be fine, Your Honor.
THE COURT: And then how long do you need?
MS. MacARTHUR: May we have 14 days, Your Honor.
THE COURT: Yes, you -- 14 days. And then a response.
MR. CARTER: 10 days, Your Honor.
THE COURT: A reply. 10 days. It's all very fair. All right. Is there anything else on the motions brought by Ahmed?
MS. MacARTHUR: I don't believe so, Your Honor. Thank

you.

THE COURT: All right. You're fine, Counsel?

MR. CARTER: Thank you, Judge.

THE COURT: All right. Have a seat. Thank you.

All right. As to the motion from Mr. Khan. And, government, you want to brief that motion to dismiss?

MS. MacARTHUR: Your Honor, may I have just a moment to check with counsel.

THE COURT: Sure.

(Counsel conferring.)

MS. MacARTHUR: Thank you for that moment, Your Honor.

THE COURT: Sure.

MS. MacARTHUR: I've had a chance to discuss this with counsel. And, Judge, what we propose doing in response to your question about where do things stand with the motion to dismiss, is to put that on hold with the Court's permission, and possibly come back next week and provide Your Honor with a fuller answer. What I mean by that is the parties are engaged in a possible resolution of this case. I don't want to commit anyone to anything at this point. But it may be if those discussions turn to a definite answer, it may be that the motion to dismiss need not be briefed and need not be resolved.

We would prefer to come back to Your Honor in approximately a week. In the interim, if Your Honor wanted to set a briefing schedule on the motion to dismiss just to keep

things moving forward, no one I don't think has any objection to that.

THE COURT: What about the alternative request for an evidentiary hearing?

MS. SANSONETTI: So, Judge, we -- just to add to what Miss MacArthur said. We just received a call from the government about an hour and a half ago, so we have had no time essentially to consider our options. We are not at this point in a position to represent to the Court that we're agreeing to a resolution. So as Miss MacArthur said, if the Court is inclined to, and I think would make sense, to set dates on these matters to keep things moving, I think that would be helpful for the case and for the parties in trying to determine how to move forward.

THE COURT: Well, considering what is being requested in your motion to dismiss with prejudice the case, this Court needs the assistance of an evidentiary hearing. I believe that's important here. Now, I don't know if the government wants that. But I just think it would help this Court and everyone involved if we had some testimony on the record about this unusual situation. That's my opinion. So you all can do all your agreement that you want, but I want to set a date for the hearing.

I need you to start giving me -- I can tell you some people I think I'd like to hear from, or you can come up with

your list yourself. So you want to think about that for a second, you can do that. Step over. Step over. Talk again. You can step over, too, if you want. This is about getting a date and having people testify.

MS. SANSONETTI: Thank you, Your Honor.

(Counsel conferring.)

THE COURT: All right. Yes.

MS. MacARTHUR: Thank you for that opportunity, Your Honor.

THE COURT: Yes.

MS. MacARTHUR: I think this is where each party has landed. I think we need to use as our main track here what Your Honor suggested by way of addressing the motion to dismiss. Now, what I mean by that is to -- if Your Honor wanted to set a, a date for a hearing and then the dates between now and then for the government's response to the motion, as well as any dates related to the hearing, meaning submission of witness lists or otherwise, that can get put into place. And we, the parties will work around that in terms of any decisions by the defendants in terms of moving forward with the set schedule.

THE COURT: The only problem with that is if you begin to set up briefing and do your response to their motion, I'm telling you that the Court needs to have an evidentiary hearing. I need testimony on this. And so before you start

preparing what you're going to do, you've got to wait and see what comes out at court. And I do realize there are a lot of people in your sphere that I'm assuming are going to be asked to come testify. And you may want to avoid that if you want -- if that's what you want to avoid, there's only one way you can do that. I think you know what that is.

So if it's a question of whether I'm going to make the decision on their motion as to prejudice or not, then that's a whole different set.

MS. MacARTHUR: I want to make sure I understand what Your Honor is saying, and I'll frame it in a slightly different way. If it is that the parties do reach agreement as to a resolution short of trial, may we let Your Honor know that in advance of any of the dates that Your Honor sets?

THE COURT: Sure. I won't take one day of testimony until I hear from that, but that means you all have got to get to moving.

MS. MacARTHUR: Understood, Your Honor.

THE COURT: I mean, I'm only changing the date of the trial only because these issues are so serious and so important to the Court. And as everybody who's been in front of me knows, I'm a lifelong prosecutor. And at federal and state level I know this circle. I know this sphere. And so the Court wants to do right by this. All right. And, you know, I've been reading up on all kinds of cases, you know,

including, you know, one by mentor and hero Judge Leighton, where he talked about this exact issue. And so, you know, I want to give it my best effort. I hope you'll give it yours, because this is an important, important point.

And, you know, I think everybody involved here understands that. So I will wait, but that doesn't give you a lot of time. So I'm going to start setting some dates for next week. You all have got to get, get to going.

All right. So, Miss Montanez, what dates do I have available to start, and do you have -- tell me some dates you all have available to -- if we have to do, you know, hearings over several days, I'll do that. Right now we just, we just had a case go away, so we are pretty open for the next few weeks.

MS. SANSONETTI: Judge, I think for Mr. Khan we will make ourselves available for the Court's -- to the Court's schedule if it is -- I'm assuming it won't be next week but the following week?

THE COURT: What do you mean it won't be next week?

MS. SANSONETTI: For an evidentiary hearing.

THE COURT: Today is Wednesday. Why wouldn't it be next week?

MS. SANSONETTI: Then if -- Your Honor, if you would like to pick the date next week that works with Your Honor's calendar, we would --

THE COURT: Yes. We'll start -- I'm not going to wait another two -- I'm not waiting two weeks.

MS. SANSONETTI: Understood.

THE COURT: No. Okay. So, okay, Miss Montanez, why don't we do the dates for next week that I'm available. And then also I would suggest strongly put together a list that you can give each other. You don't have to definitely put it on the docket or anything, but put the list of witnesses that you're going to be thinking about so everybody can start thinking about their schedules too.

MS. SANSONETTI: Judge, in our motion we requested some disclosures as well. Would Your Honor be willing to set a date for disclosures prior to the hearing regarding communications?

THE COURT: Disclosures should be made by Friday. This Friday. All right. What do we have for dates?

THE CLERK: For next week?

THE COURT: Yes.

THE CLERK: We're open Monday, the 15th and Wednesday, the 17th.

THE COURT: Monday, the 15th and Wednesday, the 17th. Do we have the afternoon or morning or both after 11? When can we start that?

THE CLERK: On both days we can do it at 11.

THE COURT: All right.

MR. ROADMAN: The 17th.
THE COURT: The 17th is better? The 17th?
MS. MacARTHUR: Yes, Your Honor. Thank you.
THE COURT: All right. The 17th is the date.
THE CLERK: And that's at 11:00 a.m.
THE COURT: And what time are you going to do it?
THE CLERK: You said 11.
THE COURT: 11? We'll start at 11.
THE CLERK: We can do it at 10:30.
THE COURT: We can do it at 10:30. 10:30 we can start on the 17th. But when we have those disclosures from you by Friday, and you should have any witnesses that you want to have available to them by Friday.
MS. SANSONETTI: Thank you, Your Honor.
THE COURT: All right. Any other information needed at this point to be discussed? Government?
MS. MacARTHUR: Your Honor, if we're drawing to an end in this proceeding, I would ask for time to be excluded between now and an appropriate date. I know we haven't circled back to an actual trial date, but I would want to raise the, the prospect of excluding time. I think we're excluding that --
THE COURT: Wait. And what do you have to say when you ask for excluding time? It's in the what? Interest of justice?
MS. MacARTHUR: In the interest of justice, Your

Honor.

THE COURT: Yeah. All right. What do you say?

MS. SANSONETTI: I actually don't know how to respond to that for the first time ever.

THE COURT: What do you mean you don't know? I'm asking.

MS. SANSONETTI: We do -- we object to the exclusion of time.

THE COURT: All right.

MR. ROADMAN: Same on behalf of Mr. Chaudhry.

THE COURT: All right. Then the Court is not going to do it. Denied.

MS. MacARTHUR: Okay. Judge, just for the record then I think that time is excluded now between now and July 9th, the currently set trial date.

THE COURT: Yes, that's already set. So it's from -- it starts from July 9th, it starts ticking.

MS. MacARTHUR: Very good.

THE COURT: All right. So everyone --

MS. MacARTHUR: Thank you.

THE COURT: -- start doing your work. All right. Because I will tell you, it will probably be very doubtful that I will exclude time on this no matter what my rulings are.

MS. MacARTHUR: Understood.

THE COURT: All right. All right. If there's nothing

else from the government?

MS. MacARTHUR: Nothing from the government.

THE COURT: Anything else from defense?

MS. SANSONETTI: No, Your Honor.

THE COURT: And you also know your date that you need to respond to Mr. Ahmed's situation? You got that set up, right?

MS. MacARTHUR: We have a number of days, Your Honor, but I'm sure the dates will be reflected in the minute order.

THE COURT: It will be in the order. All right.

MS. SANSONETTI: Thank you, Your Honor.

THE COURT: All right. Thank you all very much.

MR. ROADMAN: Thank you, Judge.

MS. MacARTHUR: Thank you, Judge.

(Concluded at 2:55 p.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/ TRACEY D. McCULLOUGH June 11, 2026
TRACEY D. McCULLOUGH, CSR, RPR
Official Court Reporter