UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | No 1:25-cr-00321-1 |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| Anosh Ahmed, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER**

Initial appearance held. Defendant appeared in court in response to a Second Superseding Indictment. Attorneys Dan K. Webb and Matthew R. Carter appeared on behalf of Defendant as retained counsel. The government advised Defendant of the charges pending against him in the Indictment. The court advised Defendant of his rights. Defendant acknowledged receipt of the Indictment, waived formal reading and entered a plea of not guilty to the charges pending against him in the Indictment. An arraignment is scheduled before Judge Sharon Johnson Coleman on August 31, 2026, at 11:00 a.m. in courtroom 1241. The government's oral motion to exclude time is granted and the time until the arraignment shall be excluded in the interest of justice pursuant to 18 U.S.C. § 3161(h)(7)(A),(h)(7)(B)(iv). Defendant did not oppose this motion to exclude time. The government moved for pretrial detention and Defendant waived his right to a detention hearing. Defendant's waiver is without prejudice, and he may move at a later time for pretrial release on conditions. The government's motion for pretrial detention is granted. Defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings. Defendant is to remain in US Marshall custody pending trial or until further order of the court. Finally, pursuant to Fed. R. Crim. P. 5(f)(1), the government is ordered to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as it has an affirmative duty to disclose both impeachment and exculpatory evidence favorable to Defendant and material to guilt and/or punishment. In the event the government fails, the court may sanction the government by excluding witnesses or evidence, limiting the scope of permitted testimony, issuing jury instructions adverse to the government, declaring a mistrial, dismissing the charges, and holding contempt proceedings.
(T:00:10)

Date: August 28, 2026

Young B. Kim
**Young B. Kim**
**United States Magistrate Judge**